Edward S. Wardell
CONNELL FOLEY LLP
Liberty View
457 Haddonfield Road, Suite 230
Cherry Hill, New Jersey 08002
Tel.: (856) 317-7100
Fax: (856) 317-7117

Patrick J. Murphy, III
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217

*Attorneys for Defendant Aetna Health Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPINE SURGERY ASSOCIATES on assignment from MICHELE C., <br><br> Plaintiff, <br><br> v. <br><br> AETNA, JOHN/JANE DOES, 1-10; ABC CORP., 1-10; and ABC PARTNERSHIPS, 1-10, <br><br> Defendants. | Civil Action No. |

## <u>NOTICE OF REMOVAL</u>

TO:   William T. Walsh, Clerk
       United States District Court for the
       District of New Jersey
       Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse
       50 Walnut Street
       Newark, New Jersey 07101

2740855-01

Pursuant to 28 U.S.C. § 1441(a) and (b), Defendant Aetna Health Inc. (improperly plead as Aetna) (hereinafter "Aetna"), removes this action to this Court and respectfully states:

1.  Aetna is named as a defendant in a civil action pending in the Superior Court of New Jersey, Law Division, Civil Part, Essex County, captioned as *Spine Surgery Associates v. Aetna*, and bearing Docket Number L-3501-12.

2.  This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b) in that, as shown below, it is one over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts a civil action arising under the laws of the United States.

3.  Plaintiff Spine Surgery Associates ("Plaintiff") is not a participating provider within Aetna's health insurance network.  Plaintiff, however, purports to assert causes of action against Aetna pursuant to an assignment of benefits received from a patient, Michele C., who is alleged to be a beneficiary of health benefits plans or policies issued by Aetna.

4.  Aetna provides benefits to Michele C. pursuant to her membership in a Citizen Aetna Choice POS Plan (the "Plan").  That Plan was created pursuant to and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, ("ERISA").

5.  Through the Complaint, Plaintiff alleges that Aetna: failed to provide the payment of medical benefits under the Plan; breached its fiduciary obligations in administering the Plan; breached a duty of good faith and fair dealing in failing to provide the payment of medical benefits under the Plan; and to the extent ERISA applies,

that Plaintiff failed to make payment due under § 502(a)(1) of ERISA, 29 U.S.C. § 1132(a)(1).

6.      Plaintiff's claims, therefore, purport to seek to: (a) recover benefits and enforce the terms of the Plan within the meaning of section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1); (b) obtain relief for alleged breaches of fiduciary obligations imposed pursuant to section 404 of ERISA, 29 U.S.C. § 1104; and (c) enforce an obligation to provide requested information imposed pursuant to section 502(c) of ERISA, 29 U.S.C. § 1132(c).

7.      As a result, Plaintiff's causes of action, as a matter of law, arise pursuant to and are governed by sections 502(a)(1) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1) and (a)(3).  Furthermore, any state law causes of action are completely preempted by section 502(a) of ERISA, 29 U.S.C. § 1132(a) and, thus, are properly removable.  *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

8.      Although Plaintiff is not a participating provider within Aetna's health insurance network, the Complaint expressly alleges the existence and validity of an assignment of benefits and claims that Plaintiff's right to payment depends on such an assignment.  Because the Complaint expressly relies on an assignment of benefits from a member of an ERISA-governed plan, Plaintiff's claims could have been brought pursuant to section 502 of ERISA, 29 U.S.C. § 1132.  *See Sportscare of Am., P.C. v. Multiplan, Inc.*, 2011 U.S. Dist. LEXIS 6295, at *10 (D.N.J. Jan. 24, 2011) ("As a result of its

3

express pleading that it relies upon assignment of benefit documents from participants in Defendants' ERISA plans to support its claim for fees, Plaintiff's Complaint conclusively establishes the existence of federal jurisdiction.  Because Plaintiff relies on assignment of benefit documents, it could have brought its claims under ERISA § 502(a), and, therefore, its claims are completely preempted."), *adopted by* 2011 U.S. Dist. LEXIS 14251 (D.N.J. Feb. 10, 2011) (holding the out-of-network provider's allegations of an assignment of benefits established that it could have brought its claims under section 502 of ERISA).

9.      Accordingly, federal subject matter jurisdiction exists over Plaintiff's asserted claims in accordance with 28 U.S.C. § 1331, and this action may thus be removed pursuant to 28 U.S.C. §§ 1441(a) and (b).

10.      The Superior Court of New Jersey, Essex County is located in the District of New Jersey.  28 U.S.C. § 110.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

11.      On June 18, 2012, the summons and Complaint in this matter were served upon Aetna's statutory agent by certified mail.

12.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Aetna in the state court action are attached hereto as Exhibit A.

13.      Because there are no other known defendants in this action, no consent to removal is necessary.

14.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Special Civil Part of the Superior Court of New Jersey, Essex

Count, Law Division, as an exhibit to a Notice of Filing of Notice of Removal and will be served upon counsel for Plaintiff.  A copy of the Notice of Filing of Notice of Removal to the Superior Court is attached hereto as Exhibit B.

WHEREFORE, Defendant Aetna Health Inc. requests that this action proceed as an action removed to this Court.

CONNELL FOLEY LLP

*Attorneys for Defendant*
*Aetna Health Inc.*

Dated: July 17, 2012          By:     *s/ Patrick J. Murphy, III*
                                      Patrick J. Murphy, III
                                      CONNELL FOLEY LLP
                                      85 Livingston Avenue
                                      Roseland, New Jersey 07068
                                      Tel.: (973) 535-0500
                                      Fax: (973) 535-9217

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Defendant that should be joined in this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  July 17, 2012                              *s/ Patrick J. Murphy, III*
                                                   Patrick J. Murphy, III


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

Pursuant to Local Civil Rule 201.1(d), I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the legal issues presented by Plaintiff's claims predominate over the factual issues.

Dated:  July 17, 2012                              *Patrick J. Murphy, III*
                                                   Patrick J. Murphy, III

2740855-01

# EXHIBIT A

LAW OFFICE OF SEAN R. CALLAGY, ESQ.
Sean R. Callagy, Esq.
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Attorneys for Plaintiff

| | |
|---|---|
| SPINE SURGERY ASSOCIATES on assignment from MICHELE C., member identification number BBRSLVFA, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CIVIL PART ESSEX COUNTY |
| Plaintiff, | |
| v. | DOCKET NO.: L-3501-12 |
| AETNA, John/Jane Does, 1-10; ABC Corp., 1-10; ABC Partnerships, 1-10; | CIVIL ACTION |
| Defendants.. | COMPLAINT, JURY DEMAND, AND NOTICE TO PRODUCE |

Plaintiff Spine Surgery Associates, by way of Complaint against Defendants, says as follows:

1.  Spine Surgery Associates brings this action to recover amounts due for the payment of medical services rendered to Michele C. member identification number BBRSLVFA ("Michele C.").

2.  At the time the medical services were rendered, Michele C. was insured by Defendants under Aetna insurance policies and/or plans.

3.  In addition to bringing this action in its own right, Spine Surgery Associates is bringing certain of its claims pursuant to an assignment of benefits Spine Surgery Associates received from Patient Michele C. as beneficiary of health benefits plans or policies

Ssa ae mm 015

administered and/or issued by Aetna, to *inter alia* recover funds that Aetna, in violation of law and/or the terms of those policies and/or plans, failed to pay for the medical services rendered by Spine Surgery Associates.

## THE PARTIES

4. For all relevant times herein, Spine Surgery Associates was a healthcare provider in the State of New Jersey whose principal place of business is 280 New Sparta Road, Newton, State of New Jersey.

5. At all relevant times, Defendant Aetna was a national health carrier with an address at 55 Lane Ave, City of Fairfield, State of New Jersey.

6. Spine Surgery Associates is not a participating provider in Aetna's health insurance network. This means that Spine Surgery Associates does not have a contract with Aetna setting forth the terms under which Aetna will make payment for services that Spine Surgery Associates provides to patients covered by a policy or plan issued or administered by Aetna. As such, Spine Surgery Associates, as an "out-of-network" provider, is generally entitled to its usual, customary and reasonable rate for medically necessary services rendered to a patient.

7. John/Jane Does, 1-10; ABC Corp., 1-10; ABC LLC, 1-10; ABC Partnership, 1-10 have been added as Defendants in this matter because their identity is not known at this time, and Plaintiff is including them in this action through fictitious names. On information and belief, unidentified defendants are involved and/or responsible, and/or represent others who are involved and/or responsible, for the payment of services rendered by Plaintiff in this action, if it is determined any plan or policy in this action is governed in whole or in part by ERISA.

2

## JURISDICTION AND VENUE

8. Jurisdiction is present in the State of New Jersey because both Plaintiff Spine Surgery Associates and Defendant Aetna are conducting business in the State of New Jersey.

9. Venue is appropriately established in the County of Essex because Defendant is currently conducting business in the County of Essex in the State of New Jersey.

## ANATOMY OF THE CLAIM

10. This dispute arises from Aetna's failure to provide proper reimbursement for medically necessary services provided by Spine Surgery Associates to patient Michele C.

11. More specifically, Spine Surgery Associates provided medically reasonable and necessary services to Michele C. on 6/30/11, 8/12/11, 9/27/11, 10/10/11 and 10/25/11.

12. Michele C. provided Spine Surgery Associates with an Assignment of Benefits ("AOB"), which assigns all rights and benefits under her insurance plan and/or policy. When Michele C. assigned her benefits to Spine Surgery Associates, Michele C. designated Spine Surgery Associates as entitled to certain benefits under the plan or policy, including, but not limited to, the right to receive payment.

13. After performing the medically reasonable and necessary services, Spine Surgery Associates prepares Health Insurance Claim Forms and formally demands reimbursement for the services provided and sends them to the patient's insurance carrier, claims or plan administrator.

14. Spine Surgery Associates billed Aetna $43,227.00. Aetna allowed $2027.97. This reimbursement is an effective acknowledgement that the procedure was medically reasonable and necessary. Notwithstanding, this payment resulted in an underpayment

of $41,199.03 from Plaintiff's usual, customary and reasonable ("UCR") rates.

15. Moreover, by accepting and processing Spine Surgery Associates' Health Insurance Claim Forms and issuing payment to Spine Surgery Associates, Aetna has acknowledged that Spine Surgery Associates has a valid Assignment of Benefits and has waived any plan or policy language limiting the use of an Assignment of Benefits.

16. The underpayments total $41,199.03.

17. Spine Surgery Associates attempted to resolve this dispute with Aetna by contacting Aetna and appealing the adverse determination of Aetna.

## COUNT ONE: BREACH OF CONTRACT

18. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-17 of this Complaint and incorporates same by reference hereto.

19. Aetna's underpayments acknowledge the existence of a contractual relationship between Aetna and Michele C.

20. Pursuant to such contract, Aetna was required to reimburse Spine Surgery Associates pursuant to the terms of the plan or policy covering Michele C., or to the extent applicable, Spine Surgery Associates' usual, customary and reasonable rates for the services provided.

21. Aetna's payments were not made according to the terms of the patient's plan or policy, or Spine Surgery Associates' usual, customary and reasonable rates.

22. Because of Aetna's willful breach of this contractual agreement, Plaintiff has been damaged.

4

WHEREFORE, plaintiff, Spine Surgery Associates, demands judgment against Defendant Aetna, as follows:

a.      For an Order directing Defendant Aetna to pay $41,199.03;

b.      For compensatory damages and interest;

c.      For attorneys fees and costs of suit;

d.      For such other and further relief as the court may deem just and equitable.

## COUNT TWO: THIRD PARTY BENEFCIARY

23. Spine Surgery Associates repeats and re-alleges the allegations of Paragraphs 1-22 of this Complaint and incorporates same by reference hereto.

24. Michele C. is an insured and/or beneficiary under the policy or plan issued and/or administrated by Aetna.

25. Spine Surgery Associates rendered medical services to Michele C. on 6/30/11 through 10/25/11.

26. Spine Surgery Associates is a third-party beneficiary of the policy and/or plan.

27. As third-party beneficiary, Spine Surgery Associates is entitled to pursue and receive payment for services rendered to Michele C.

28. Spine Surgery Associates has made demand to Aetna to properly pay for the services rendered, and Aetna has failed and refused to do so.

WHEREFORE, plaintiff, Spine Surgery Associates, demands judgment against Defendant Aetna, as follows:

a.    For an Order directing Defendant Aetna to pay $41,199.03;

b.    For compensatory damages and interest;

c.    For attorneys fees and costs of suit;

d.    For such other and further relief as the court may deem just and equitable.

## COUNT THREE: BREACH OF FIDUCIARY DUTY

29. Spine Surgery Associates repeats and re-alleges the allegations of Paragraphs 1-28 of this Complaint and incorporates same by reference hereto.

30. Aetna had a fiduciary duty to Michele C. as fiduciary under the policy or plan because Aetna exercised discretion in determining the amounts of plan benefits that would be paid for medical services rendered to Michele C.  The exercise of discretion in such determinations of benefits is an inherently fiduciary function.

31. Because Michele C. provided Spine Surgery Associates with an Assignment of Benefits, Aetna owed Spine Surgery Associates a fiduciary duty to administer the plan or policy with that degree of care, skill, prudence, loyalty and diligence that a prudent administrator would exercise under the circumstances.

32. Upon information and belief, Aetna breached its fiduciary duty to Spine Surgery Associates and Michele C. by failing to reimburse Spine Surgery Associates pursuant to the terms of the plan or policy, or Spine Surgery Associates' usual, customary and reasonable rates.

33. Furthermore, Aetna owed a duty of loyalty to Spine Surgery Associates, as Assignee of

6

Michele C.'s benefits.  Specifically, Aetna owed a duty not to engage in self-dealing and to make decisions in the interest of the plan or policy beneficiaries.

34. Upon information and belief, Aetna breached its fiduciary duty by determining the amounts of plan or policy benefits that would be paid to the beneficiaries based on maximizing profit, rather than based on the terms of the plans and applicable statutes and regulations.

WHEREFORE, plaintiff, Spine Surgery Associates, demands judgment against Defendant, Aetna, as follows:

a.     For an Order directing Defendant Aetna to pay $41,199.03;

b.     For compensatory damages and interest;

c.     For attorneys fees and costs of suit;

d.     For such other and further relief as the court may deem just and equitable.

**COUNT FOUR: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

35. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-34 of this Complaint and incorporates same by reference hereto.

36. Aetna, as the healthcare carrier and/or the claims or plan administrator, had an obligation to act in good faith and deal fairly by reimbursing Michele C., and as a result, Spine Surgery Associates, pursuant to the terms of the insurance policy or plan.

37. Aetna's failure to reimburse Spine Surgery Associates pursuant to the terms of the plan or policy and Plaintiff's usual, customary and reasonable rates constitutes a breach of Defendant's duty of good faith and fair dealing, which has damaged and continues to

7

damage Spine Surgery Associates.

WHEREFORE, plaintiff, Spine Surgery Associates, demands judgment against Defendant, Aetna, as follows:

a.    For an Order directing Defendant Aetna to pay $41,199.03;

b.    For compensatory damages and interest;

c.    For attorneys fees and costs of suit;

d.    For such other and further relief as the court may deem just and equitable.

## OTHER COUNTS

### THE FOLLOWING COUNTS APPLY TO THE EXTENT DEFENDANTS PROVE ERISA APPLIES TO ANY OF THE CLAIMS INLCUDED IN THIS ACTION

## COUNT FIVE

### ERISA:  FAILURE TO MAKE PAYMENT DUE UNDER ERISA 502(A)(1)

38. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-37 of this Complaint and incorporates same by reference hereto.

39. Plaintiff avers this Count to the extent Defendant(s) may prove any of the claims in this action are governed by ERISA.

40. The Employee Retirement Income Security Act of 1974 ("ERISA"), Section 502(a)(1), 29 U.S.C. 1132(a)(1) provides a cause of action for a beneficiary seeking payment under a plan.

41. Spine Surgery Associates has standing to seek such above relief based on the

assignment of benefits it received from Michele C.

42. Upon information and belief, Defendant(s) acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

43. Spine Surgery Associates is entitled to recover benefits due Michele C. under any applicable ERISA plan.

44. Defendant(s) has refused to make payment, and such refusals have not been made in good faith, but rather were arbitrary and capricious and/or based on self-interest, constituting a breach of fiduciary duty.

WHEREFORE, plaintiff, Spine Surgery Associates, demands judgment against Aetna and other Defendant(s), as follows:

For an Order Declaring Aetna and other Defendant(s) are precluded from denying to make payment to Spine Surgery Associates for services rendered under this action;

      a.     For an Order directing Aetna and other Defendant(s) to pay $41,199.03;

      b.     For compensatory damages and interest;

      c.     For attorneys fees and costs of suit;

      d.     For such other and further relief as the court may deem just and equitable.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, the Plaintiff hereby demands that Aetna and other Defendant(s) produce the following documentation within fifty (50) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto

9

as new information or documentation comes into existence.

1.  A true and exact copy of the health insurance plan or policy that was in effect for the dates of service at issue in this Complaint.

2.  Copies of any and all documents concerning the insurance policy, Summary Plan Description, and/or Plan describing the terms and conditions governing the services rendered by Plaintiff as described in the Complaint filed in this action. Such documents should also include the names, addresses and contact information of any insurer, Plan, Plan Administrator and/or Claims Administrator of any policy or plan applicable to the services rendered by Plaintiff as described in the complaint filed in this action.

3.  The name and address of any other party of interest, specifically the Plan Administrator, Claims Administrator, Third Party Administrator and /or additional Insurance Companies.

4.  The name of the publication, database, documentation, Medicare guidelines or other standard upon which any Defendant bases its Usual and Customary Rate upon, and/or based the payments made for the services rendered in this matter.

5.  Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the date of service in question or any potential defense to the action in question.

6.  If the Defendant(s) intend to produce the testimony of any expert witnesses at Trial, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a

10

summary of the grounds of each opinion.  Attach a true copy of all written reports provided to the Defendant(s) by such witnesses

## TRIAL COUNSEL DESIGNATION

Sean R. Callagy, Esq., is hereby designated as Trial Counsel in the above matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), Plaintiff respectfully demands a trial by jury on all issues in the within action so triable

## R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

None.

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

None.

11

## CERTIFICATION OF ATTORNEY

I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action or proceeding. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Law Offices of Sean R. Callagy, Esq., LLC
Attorneys for Plaintiff
Spine Surgery Associates

By: _____

Dated: 5|9|12

Sean R. Callagy, Esq.

12

LAW OFFICES OF SEAN R. CALLAGY, ESQ.
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
(201) 505-1733
Attorneys for Plaintiff

| | | |
|---|---|---|
| SPINE SURGERY ASSOCIATES on assignment from MICHELE C., member identification number BBRSLVFA, | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CIVIL PART ESSEX COUNTY |
| Plaintiff, | : | |
| v. | : | DOCKET NO.: |
| AETNA, John/Jane Does, 1-10; ABC Corp., 1-10; ABC Partnerships, 1-10; | : : | CIVIL ACTION |
| Defendants. | : : : : : : | CERTIFICATION |

JILL M. KORCUSKO., of full age, certifies as follows:

1.  I am a Paralegal at the Law Office of Sean R. Callagy, Esq., LLC., attorneys for the

    Plaintiff, in this matter.

2.  On May 9 2012, I filed an original and two (2) copies of the Complaint with

the Clerk, Superior Court of New Jersey, Law Division, Essex County, 465 Martin Luther King

Jr Blvd, Newark, New Jersey, via regular mail.

I certify that the foregoing statements made by me are true. I am aware that if any of

the foregoing statements are willfully false, I am subject to punishment.

By: _Jill M. Korcusko_
JILL M. KORCUSKO

13

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME<br>Sean R. Callagy | TELEPHONE NUMBER<br>(201) 261-1700 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Law Offices of Sean R. Callagy | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>Mack-Cali Center II<br>650 From Rd, Ste 565<br>Paramus, NJ 07652 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Spine Surgery Associates, Plaintiff | CAPTION<br>Spine Surgery Associates v. Aetna |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>599 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>Aetna<br>☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ■ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES  ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 12/01/2010, CN 10517-English

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280 ZELNORM | 290 POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 STRYKER TRIDENT HIP IMPLANTS | 291 PELVIC MESH (Johnson & Johnson) |
| 288 PRUDENTIAL TORT LITIGATION | 292 PELVIC MESH (Bard) |

**Mass Tort (Track IV)**

| | |
|---|---|
| 248 CIBA GEIGY | 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 282 FOSAMAX |
| 271 ACCUTANE | 283 DIGITEK |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 284 NUVARING |
| 275 ORTHO EVRA | 286 LEVAQUIN |
| 277 MAHWAH TOXIC DUMP SITE | 287 YAZ/YASMIN/OCELLA |
| 278 ZOMETA/AREDIA | 601 ASBESTOS |
| 279 GADOLINIUM | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

CERTIFIED MAIL

7010 1670 0002 1510 3936

RETURN RECEIPT REQUESTED

STATE O
DEPART
PO BOX
TRENTON, NJ 08625-0326

AETNA HEALTH INSURANCE COMPANY
C/O CORPORATION TRUST COMPANY
820 BEAR TAVERN ROAD
WEST TRENTON NJ  08628

**LAW OFFICE OF SEAN R. CALLAGY, ESQ.**
Sean R. Callagy, Esq.
Mack-Cali Centre II
560 From Road
Parsippany, NJ 07652
(201) 260-1700
Attorneys for Plaintiff

---

| | |
|---|---|
| SPINE SURGERY ASSOCIATES on assignment from MICHELE C. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CIVIL PART ESSEX COUNTY** |
| Plaintiff, | **DOCKET NO.: ESX-L-3571-12** |
| v. | **CIVIL ACTION** |
| AETNA, JOHN/JANE DOES 1-10, ABC CORP 1-10, ABC PARTNERSHIPS 1-10, | **SUMMONS** |
| Defendant. | |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

5

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Clerk of the Superior Court

DATED:

Aetna
980 Jolly Road
Blue Bell, PA 19422

2

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

COURT TELEPHONE NO. (973) 693-5529
COURT HOURS

                              TRACK ASSIGNMENT NOTICE

              DATE:   MAY 14, 2012
              RE:     SPINE SURGERY ASSOCIATES VS AETNA
              DOCKET: ESX L -003571 12

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON CAROLYN E. WRIGHT

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (973) 693-6443 EXT 6431.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                        ATTENTION:
                                      SEAN R. CALLAGY
                                      MACK CALI CENTRE II
                                      650 FROM ROAD SUITE 565
                                      PARAMUS       NJ 07652

JUGHIL3

# EXHIBIT B

Edward S. Wardell
CONNELL FOLEY LLP
Liberty View
457 Haddonfield Road, Suite 230
Cherry Hill, New Jersey 08002
Tel.: (856) 317-7100
Fax: (856) 317-7117

Patrick J. Murphy, III
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217

*Attorneys for Defendant Aetna Health Inc.*

| | |
|---|---|
| SPINE SURGERY ASSOCIATES on assignment from MICHELE C., <br><br> Plaintiff, <br><br> v. <br><br> AETNA, JOHN/JANE DOES, 1-10; ABC CORP., 1-10; and ABC PARTNERSHIPS, 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CIVIL PART ESSEX COUNTY <br><br> Docket No. L-3501-12 <br><br> **NOTICE OF THE FILING OF A NOTICE OF REMOVAL OF THIS ACTION TO FEDERAL COURT** |

TO:   Clerk of the Civil Part
       Superior Court of New Jersey
       Law Division, Civil Part
       Essex County
       Hall of Records, Room 201
       465 Dr. Martin Luther King Blvd.
       Newark, New Jersey 07102

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Aetna Health Inc. (improperly pled as Aetna) filed on the 17th day of July, 2012, a Notice of Removal of the above-captioned matter in the United States District Court for the District of New Jersey.

2740863-01

Pursuant to 28 U.S.C. § 1446(d), this affects the removal of the case, and the State Court may proceed no further unless the case is remanded.

A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

CONNELL FOLEY LLP

*Attorneys for Defendant*
*Aetna Health Inc.*

Dated: July 17, 2012                    By: _____
                                             Patrick J. Murphy, III
                                             CONNELL FOLEY LLP
                                             85 Livingston Avenue
                                             Roseland, New Jersey 07068
                                             Tel.: (973) 535-0500
                                             Fax: (973) 535-9217